```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARIE GUERRERA TOOKER,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       18-CV-7164(JS)(ARL)

ROBERT GROSSMAN,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Marie Guerrera Tooker, pro se
                    P.O. Box 1082
                    Riverhead, New York 11901

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On December 17, 2018, pro se plaintiff Marie Guerrera Tooker ("Plaintiff") filed a Complaint in this Court against the Hon. Robert Grossman, United States Bankruptcy Judge ("Judge Grossman" or "Defendant"), in an apparent effort to stay her eviction from the real property known as "Lot 29" as was ordered by Judge Grossman in an underlying bankruptcy action proceeding under Case Number 8-15-75499-reg. (See generally Compl., Docket Entry 1.) Plaintiff paid the filing fee and a summons was issued for the Defendant. For the reasons that follow, the Complaint is sua sponte DISMISSED.

## BACKGROUND

Plaintiff's Complaint relates to her underlying bankruptcy case pending before Judge Grossman under Case Number 8-

15-75499-reg. The Complaint is a forty-three (43) page diatribe against Judge Grossman, the undersigned, and others involved in her bankruptcy matters and appeals therefrom. Although difficult to comprehend, as the Court can best understand, Plaintiff seeks a "cease and desist" order to prevent the Defendant from "stealing my home and stop him from changing deeds and removing [me] with force" as well as an "investigat[ion] [into] bankruptcy fraud and the cover up." (Compl. at 41, ¶¶ 950-54.) Plaintiff also seeks an "investigat[ion] [of] Judge Grossman's financials for alleged bribery" and "to have [him] evaluated by a doctor on his mental stability." (Comp. at 41, ¶¶ 948-49.) In addition to an unspecified sum of "very large actual, compensatory, punitive and other damages . . .," (Compl. at 41 ¶ 943), Plaintiff also seeks to "disqualify Judge Grossman from th[e underlying bankruptcy] case because he is a witness to the case, because of prejudicial acts against me, for failing to perform his mandatory duties, and for criminal acts against me and the United States." (Compl. at 11, ¶¶ 235-37.)

### DISCUSSION

I. Standard of Review

The Court is required to read a pro se plaintiff's Complaint liberally and construe it to raise the strongest

arguments it suggests. See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Irrespective of whether they are drafted pro se, all complaints must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous regardless of whether a plaintiff has paid the filing fee. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000) (per curiam); see also Heath v.

3

Justices of Supreme Court, 550 F. App'x 64 (2d Cir. 2014) (summary order) (affirming sua sponte dismissal of fee paid complaint as frivolous because claims were barred by absolute judicial immunity); Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when it is clear that the defendants are immune from suit.") (internal quotation marks and citation omitted).

III. Judicial Immunity

It is well-established that judges have absolute judicial immunity from suit for their judicial actions. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); Peia v. U.S. Bankr. Ct., 62 F. App'x 394, 396 (2d Cir. 2003) (summary order) (doctrine of judicial immunity barred claims against bankruptcy judge). This absolute "judicial immunity is not overcome by allegations of bad faith or malice" nor can a judicial officer be deprived of immunity "because the action he took was in error [ ] or was in excess of his authority." Mireles, 502 U.S. at 11, 13, 112 S. Ct. at 288 (1991) (internal quotation marks and citations omitted). "Moreover, in cases of judicial immunity, a Court may dismiss a complaint, sua sponte, without affording a hearing or other notice

of dismissal." Rolle v. Shields, 16-CV-2487, 2016 WL 3093898, *1 (E.D.N.Y. June 1, 2016) (citing Tapp v. Champagne, 164 F. App'x 106 (2d Cir. 2006) (summary order) (affirming sua sponte dismissal of § 1983 claims against judges protected by absolute immunity)).

Here, as is readily apparent, Plaintiff is unhappy about the outcome of the bankruptcy proceeding. However, Plaintiff's allegations relate to actions taken by Judge Grossman in his judicial capacity during the related bankruptcy case. Thus, he is entitled to absolute immunity from suit. Plaintiff does not allege any factual allegations to show that Judge Grossman acted outside of his role as a judicial officer. See, e.g., Jackson v. Cnty. of Nassau, 15-CV-7218, 2016 WL 1452394, *6 (E.D.N.Y. Apr. 13, 2016) (conclusory allegations are insufficient to overcome judicial immunity). Accordingly, Plaintiff's claims against Judge Grossman are clearly barred by absolute judicial immunity and her attempt to seek injunctive and/or declaratory relief in addition to damages does not change this Court's conclusion. See, e.g., Huminski v. Corsones, 396 F.3d 53 (2d Cir. 2004) (injunctive relief); Guerin v. Higgins, 8 F. App'x 31 (2d Cir. 2001) (summary order). Accordingly, the Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS.[1]

---

[1] To the extent that Plaintiff commenced this action in an effort

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

VI. Litigation Injunction

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

---

to have her bankruptcy case reassigned to another bankruptcy judge, such action does not require recusal. It is well-established that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him. Such an easy method for obtaining disqualification should not be encouraged or allowed." Abdul-Hakim Bey v. Hylton, 12-CV-5875, 2013 WL 6642034, *4 (S.D.N.Y. Dec. 16, 2013) (internal quotation marks and citation omitted); see also Salten v. Cty. of Suffolk, 08-CV-5294, 2012 WL 3260266, *2 (E.D.N.Y Aug. 6, 2012) ("'a judge is not required to recuse him- or herself simply because a litigant before the judge has filed suit or made a complaint against him or her.'") (quoting Jenkins v. Sladkus, 04-CV-1595, 2004 WL 1238360, *2 (S.D.N.Y. June 3, 2004)) and (citing United States v. Martin-Trigona, 759 F.2d 1017, 1020–21 (2d Cir. 1985) (district court's denial of recusal motion proper after litigant filed suit against judge and his wife)); United States v. Svkes, No. 05-CR-6057, 2008 WL 3049975, at *3 (W.D.N.Y. July 31, 2008) (litigant cannot "force a judge's recusal merely by filing a complaint or instituting a suit against him or her")).

28 U.S.C. § 1651(a).  The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits."  MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999).  Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits.  See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events).  Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts.  In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction.  Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."  Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted).  The Court is especially cognizant of Plaintiff's pro se status and has considered her Complaint in as

7

positive light as possible. Nonetheless, the Court now warns Plaintiff that similar, future complaints will not be tolerated. Given Plaintiff's lengthy litigation history in this Court[2], the Court now cautions Plaintiff that, should she file another Complaint relating to the underlying bankruptcy case, the Court will order Plaintiff to show cause why a litigation bar should not be entered.[3]

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should she file another action relating to the underlying

---

[2] See In re: Marie Tooker, 07-CV-2078 (bankruptcy appeal withdrawn by debtor after failing to adhere to the Court's briefing schedule); Tooker v. Quest Ventures, 11-CV-1797 (bankruptcy appeal dismissed and appeal dismissed by Mandate dated October 13, 2011); Tooker v. Leis, 14-CV-5309, 2014 WL 6685496 (E.D.N.Y. Nov. 26, 2014) (sua sponte dismissed claims against New York State Supreme Court Justice Patrick Leis as barred by the Eleventh Amendment and absolute judicial immunity); Tooker v. Quest Ventures, Ltd., 16-CV-7070 (bankruptcy appeal withdrawn by debtor after failing to adhere to the Court's briefing schedule); Tooker v. Quest Ventures, Ltd., 17-CV-4589 (affirming Judge Grossman's order to vacate and denying bankruptcy appeal); Tooker v. Quest Ventures, Ltd., 18-CV-6331 (bankruptcy appeal pending); Tooker v. Quest Ventures, Ltd., 18-CV-6644 (bankruptcy appeal pending).

[3] This warning is without prejudice to Plaintiff filing and pursuing any non-frivolous bankruptcy appeals.

bankruptcy case, it is within the Court's authority to consider imposing sanctions upon her. See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

## CONCLUSION

For the reasons set forth above, the Complaint is sua sponte DISMISSED WITH PREJUDICE. Plaintiff is cautioned that similar, future complaints will not be tolerated. Given Plaintiff's litigation history, the Court now warns Plaintiff that, should she file another complaint relating to the underlying bankruptcy case, the Court will order Plaintiff to show cause why a litigation bar should not be entered. Plaintiff is further advised that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants and should she file another action relating to the underlying bankruptcy case, it is within the Court's authority

to consider imposing sanctions upon her.

Although Plaintiff paid the filing fee to commence this action, should she seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore should Plaintiff seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  December  20 , 2018
        Central Islip, New York